UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PRUDENTIAL INSURANCE CO.                CIVIL ACTION NO. 11-cv-1631
OF AMERICA

VERSUS                                  JUDGE STAGG

COLUMBUS MORRIS, ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

The Prudential Insurance Company of America ("Prudential") commenced this civil action by filing a complaint pursuant to the statutory interpleader provisions of 28 U.S.C. § 1335. Prudential represents that it issued a life insurance policy on Cleophus Morris. The insured died in Louisiana earlier this year. Prudential represents that the last change of beneficiary form submitted by the insured named Columbus Morris (brother; Louisiana), Elmore Morris (brother; Louisiana), and DemetEria Wideman (daughter; Georgia). The insured's former wife, Sherdyne Cornish (Colorado), asked Prudential to pay $50,000 of the proceeds to her pursuant to a property settlement agreement.

Prudential's interpleader complaint invokes Section 1335, which is available because the amount in controversy exceeds $500 and there is diversity of citizenship between two or more of the claimants. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because at least one of the claimants resides in this district.

Sherdyne Cornish has filed a Motion to Change Venue (Doc. 4) to a federal court in Denver, Colorado, where she resides. Ms. Cornish does not contend that this court is an

improper venue, so her request would fall under 28 U.S.C. § 1404(a). The statute allows a court, for "the convenience of the parties and witnesses, in the interest of justice," to transfer a civil action to any other district where it might have been brought. Ms. Cornish asserts that a transfer to Denver will make it more convenient and cost effective for her to address the complaint. She also asserts that the purchase of the policy and the divorce that lead to the property settlement occurred in Denver. She attaches documentation that shows she presented her claim for benefits to the Colorado Commissioner of Insurance, who asked Prudential to respond.

A transfer to Denver might make the litigation more convenient for Ms. Cornish, but it would simply shift the inconvenience to the two claimants who reside in Louisiana, and it could increase inconvenience for the further-east Georgia claimant. There is no reasonable basis to determine that the purchase of the policy in 1985 or the couple's divorce in Denver make Denver, today, a more convenient location for this litigation. There is no perfect venue, as far as convenience, when the claimants reside in three different states. The court finds that the best exercise of its discretion is to deny the Motion for Change of Venue, especially considering that two of the four claimants reside in this district. Ms. Cornish will be able to file documents with the Clerk of Court by mail, and the court ordinarily allows out-of-town litigants to participate by telephone for routine conferences. It appears the case will be based largely on documents and legal arguments, so it is a good candidate for resolution by motion practice. Thus, any inconvenience to Ms. Cornish of litigating a Louisiana case

may be substantially less than she fears. Accordingly, the **Motion for Change of Venue (Doc. 4)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of November, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE