U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 11 2013
TONY R. MOORE, CLERK
BY_____
       DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

versus                                                    CIVIL ACTION NO. 11-1631
                                                          JUDGE TOM STAGG
COLUMBUS MORRIS, ELMORE
MORRIS, DEMETRIA WIDEMAN
and SHERDYNE CORNISH

## MEMORANDUM RULING

Before the court is a motion for summary judgment and a supplemental memorandum in support of the motion, filed by defendants Columbus Morris, Elmore Morris and Demetria Wideman. See Record Documents 49 and 58. The motion was the result of an interpleader filed by an insurer and the dismissal of the insurer thereafter. Based on the following, the motion for summary judgment is **GRANTED.**

## I. BACKGROUND

On April 22, 2011, Cleophus Morris passed away. The dispute that is currently before the court ensued as a result of a life insurance policy issued by Prudential Insurance Company of America ("Prudential") to Cleophus Morris on

or about January 1, 1985. It appears, from the scant documentation before the court, that, at least at one point, the beneficiaries of the policy were Sylvia Morris (noted as "wife"), Tania Morris (listed as "daughter"), Demeteria "Mideman" (listed as "daughter"), Cleophus Morris II (listed as "son") and Columbus Morris (brother). See Record Document 58, Ex. B. The value of the benefits payable was $95,338.32 at the time of death. On January 28, 2008, Cleophus Morris executed a military power of attorney naming Columbus Morris, his brother, as his agent. See id., Ex. A. A Request To Change Beneficiary form was submitted by Columbus Morris, dated December 22, 2009, which named Columbus Morris, Elmore Morris and Demeteria Wideman[1] as the primary beneficiaries of the policy. See Record Document 49, Ex. 3. The policy, as stated by Prudential in its acknowledgment of the Request To Change Beneficiary form, provides that "the proceeds that arise

---

[1] The court is unclear as to why the decedent spelled his daughter's name "Demeteria" when the daughter is now proceeding in this court through her attorney with her name spelled "Demetria." See Record Document 49, Ex. 3 and Motion For Summary Judgment. For ease of reference, the court will refer to the daughter as "Demeteria."

Furthermore, the portions of the policy that were provided to the court indicate that when Cleophus Morris designated his daughter as a beneficiary, he initially referred to her as "Demeteria D Mideman." Record Document 58, Ex. B. The change of beneficiary form submitted by Columbus Morris refers to the daughter as "Demeteria D. Wideman." Id., Ex. C.

2

from the Insured's death will be payable in one sum to the beneficiaries shown below . . . Columbus K. Morris, Elmore L. Morris and Demeteria Wideman, brothers and daughter, respectively." Id. According to the interpleader complaint filed by Prudential, Prudential received correspondence from Sherdyne Cornish ("Cornish") asking that Prudential pay $50,000 of the policy benefits to her.[2] See Record Document 1. Cornish, the deceased's ex-wife, claimed that she was entitled to the $50,000 as a result of a property settlement agreement with the deceased/insured.

Because of conflicting claims for the proceeds of the policy, Prudential filed a complaint for interpleader, seeking a determination of entitlement to proceeds of the life insurance policy on the life of Cleophus Morris. Columbus Morris (brother), Elmore Morris (brother), Demeteria Wideman (daughter) and Sherdyne Cornish (ex-wife) were named as defendants, as each claimed entitlement to the proceeds. Prudential deposited the proceeds in the registry of this court and was dismissed from the action. Thereafter, Columbus Morris, Elmore Morris and

---

[2]Interestingly, and notably, the defendants make no mention whatsoever of Sherdyne Cornish in their motion for summary judgment, much less provide an explanation of who she is or why she would be asserting an interest in the proceeds of the policy.

Demeteria Wideman filed a motion for summary judgment, seeking a declaration that the policy language entitled them to the proceeds from the life insurance policy to the exclusion of Cornish. See Record Document 49. The motion for summary judgment was later supplemented at the direction of the court. See Record Documents 51 and 58.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must

---

[3]The court notes that amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Cornish's Failure To Respond To The Other Defendants' Motion.**

Cornish was served a copy of the motion for summary judgment on January 4, 2013, and a copy of the supplemental memorandum in support of the motion for summary judgment on June 5, 2013. See Record Documents 49 and 58. To date, Cornish has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Cornish failed to oppose the motion for summary judgment within the

required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

Cornish's failure to oppose the defendants' motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as the defendants still must establish the absence of a genuine dispute as to a material fact to prevail on their motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment in favor of the defendants.

C.  **Contract Interpretation.**

In determining the beneficiary of a life insurance policy, it is necessary to ascertain the intention of the deceased. In this regard, this court is bound to give legal effect to the insurance policy and its terms, according to the true intent of the

parties. See La. Civ. Code art. 2045. That intent is determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. See La. Civ. Code art. 2046.

The rules governing interpretation of insurance policies are well-settled. An insurance policy should be construed by using the general rules of interpretation in the Louisiana Civil Code. The law on contract interpretation can be summed up as follows:

> When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. See La. Civ. Code art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. See La. Civ. Code art. 1848. Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. Whether a contract is ambiguous or not is a question of law.

Fleniken v. Entergy Corp., 790 So.2d 64, 73 (La. App. 1st Cir. 2001) (citations omitted). "Words and phrases in insurance policies are to be construed using their plain, ordinary, prevailing meaning, unless the words have acquired a technical

meaning." Holden Bus. Forms Co., Inc. v. La. State Univ. Health Sci. Ctr.-Shreveport, 908 So.2d 86, 89 (La. App. 2d Cir. 2005).

This court's initial inquiry must be whether Columbus Morris had the authority to change the beneficiaries of Cleophus Morris's insurance policy. On January 20, 2008, Cleophus Morris executed a military power of attorney naming Columbus Morris his agent. See Record Document 58, Ex. A. At the time the power of attorney was executed, there was an existing policy of insurance on the life of Cleophus Morris issued by Prudential, on which Columbus Morris was listed as a beneficiary. On December 22, 2009, Columbus Morris, in his capacity as agent for Cleophus Morris, changed the beneficiaries of the policy. See id., Ex. C.

According to Louisiana law, a military power of attorney shall be given the same legal effect as a power of attorney prepared and executed in accordance with the laws of Louisiana. See La. R.S. 9:3863. Louisiana Revised Statute 9:3876 provides that the language granting the agent the power to act with respect to insurance in a military power of attorney empowers the agent to designate beneficiaries of the insurance contract. The agent may be named a beneficiary of the insurance proceeds if he was named a beneficiary under the policy procured by the principal before executing the power of attorney. See La. R.S. 9:3876(4). Accordingly, pursuant to the military power of attorney, Columbus Morris had the

8

authority to change the beneficiaries of the life insurance policy of Cleophus Morris, and to include himself as a beneficiary.

The words used in designating the new beneficiaries, when viewed in their totality, are clear and unambiguous. When the plain wording of the contract is viewed as a whole, it is clear that, following the request to change beneficiary submission, the intended beneficiaries of the policy were Columbus Morris, Elmore Morris and Demeteria Wideman. The Request To Change Beneficiary On Life Insurance Policies form clearly provided that "[a]ll beneficiaries need to be restated even if they are not being changed." Record Document 49, Ex. 3. The beneficiary designation portion provides that the three primary beneficiaries will be "Columbus K. Morris--brother, Elmore L. Morris--brother and Demeteria D. Wideman--daughter." Id. The form was signed by Columbus K. Morris, who had the authority to request the change as Cleophus Morris's agent, and dated December 12, 2009. See id. Sherdyne Cornish was mentioned nowhere in the change of beneficiary form whatsoever. The ordinary person of common understanding, when reading the Request To Change Beneficiary form, would readily understand that Columbus Morris, Elmore Morris and Demeteria Wideman were the intended beneficiaries. Furthermore, in construing the words of this clause according to their commonly

understood meaning, an absurd consequence is not reached. Any other conclusion would render the beneficiary designation meaningless.

However, the court is constrained by Cleophus Morris's previous beneficiary designation form with regard to Columbus Morris's portion of the policy proceeds. As previously mentioned, Louisiana Revised Statute 9:3876 provides that, in a military power of attorney, the agent is empowered to "[d]esignate the beneficiary of the contract, but the agent may be named a beneficiary of the contract, or an extension, renewal, or substitute for it, **only to the extent** the agent was named as a beneficiary under a contract procured by the principal before executing the power of attorney." (emphasis added). As acknowledged by the defendants in their supplemental motion, this statute "could be construed to limit Morris' portion of the policy proceeds to 22.5% as this was the amount for which he was designated before the power of attorney was executed." Record Document 58 at 2, n. 2. A search of the caselaw revealed no guidance as to how this provision has been interpreted by the courts. However, this court finds that the statute mandates the conclusion that Columbus Morris is limited to receiving 22.5% of the policy

proceeds due to the previous policy's beneficiary designation amount. This leaves the court to determine what to do with the remaining proceeds.[4]

The court finds, in the interests of justice and equity, that the most faithful application of the statute requires that the remaining proceeds of the policy be equally distributed between the two remaining designated beneficiaries–Elmore L. Morris and Demeteria D. Wideman. The court has carefully considered alternative interpretations that might be available and concludes that this result best comports with the statutory language. Therefore, Columbus Morris should receive 22.5% of the policy proceeds, Elmore Morris should receive 38.75% of the policy proceeds, and Demeteria D. Wideman should receive 38.75% of the policy proceeds. Accordingly, the defendants' motion for summary judgment is **GRANTED**. A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of July, 2013.

_____
JUDGE TOM STAGG

---

[4] The parties have not pointed the court to any authority or rule as to how to determine the ownership of the remainder of the proceeds.